IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD J. ZINS, | ) | CASE NO. 4:08 CV 86 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

### Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Edward J. Zins, for disability insurance benefits. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Zins had severe impairments consisting of thoracic outlet syndrome, residuals of sprain of the cervical and lumbar spine, and status post spinal fusion.[1] The ALJ determined that Zins did not have an impairment or combination of impairments meeting or equaling one listed in Appendix 1 of the regulations.[2] The ALJ then decided that Zins had the following residual functional capacity:

---

[1] Transcript ("Tr.") at 16.

[2] *Id.* at 17.

After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a substantial range of light work.  Specifically, he could lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently.  He could sit for six hours and stand and/or walk for six hours in an eight-hour workday with normal breaks.  He could occasionally climb ropes, ladders, and scaffolds.  He could occasionally kneel, crouch and crawl.[3]

According to the ALJ, the above-quoted residual functional capacity rendered Zins unable to perform his past relevant work.[4]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing incorporating the residual functional capacity finding quoted above, the ALJ found that a significant number of jobs existed locally and nationally that Zins could perform.[5]  The ALJ, therefore, concluded that Zins was not under a disability at any time from the January 1, 1986 alleged onset date through the date last insured of December 31, 1992.[6]

Zins asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Zins presents three issues for decision on judicial review:

- The ALJ lacked substantial evidence and failed to state valid reasons for discrediting and/or improperly evaluating the opinions of treating physicians Robert Gilliland, M.D. and F.G. Kravec, M.D.

---

[3] *Id.*

[4] *Id.* at 19.

[5] *Id.* at 20.

[6] *Id.*

- The ALJ erred as a matter of law in not finding that Zins's severe back impairments met or equaled the listing in § 1.04.

- Substantial evidence does not support the ALJ's evaluation of Zins's subjective complaints or his finding that those complaints lacked credibility.

I conclude that substantial evidence supports the ALJ's decision that Zins was not under a disability.  As discussed below, the ALJ gave proper weight to the reports of Drs. Gilliland and Kravec, and his findings as to the listing and Zins's credibility have the support of substantial evidence.

## Analysis

### 1.    The standard of review

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[7]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. The weight given the opinions of Drs. Gilliland and Kravec

In support of his claim, Zins offered the opinions of two physicians, Dr. Gilliland, a neurologist,[8] and Dr. Kravec, a medical director for LTV Steel Tubular Products Company.[9]

In a terse letter dated January 7, 1986, Dr. Gilliland gave a diagnosis of "thoracic outlet syndrome, unstable low back, and lumbar radiculitis" and opined that Zins was "totally and permanently incapacitated from any further work."[10] At the time, from the notes in the administrative record, Dr. Gilliland had seen Zins twice, once on September 16, 1985,[11] and a second time on January 6, 1986.[12]

It appears that Dr. Kravec examined Zins only once. In his letter to the LTV Pension Board, Dr. Kravec observed that Zins "has been totally disabled since December 27,

---

[7] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[8] Tr. at 85.

[9] *Id.* at 89.

[10] *Id.* at 85.

[11] *Id.* at 84.

[12] *Id.* at 88.

1983...."[13] He nevertheless went on to state that Zins "thought he might attempt light work," "[p]resently does some work as a Real Estate salesman," and "probably should be rehabilitated for a clerical type job."[14]

In discussing the opinions of these two physicians, the ALJ observed that Dr. Gilliland's opinion was conclusory and gave it little weight.[15] He also gave Dr. Kravec's opinion little weight because the conclusion of disability was inconsistent with his examination.

The ALJ properly evaluated and weighed the opinions of Drs. Gilliland and Kravec.

A treating source is a physician or other acceptable medical source who has provided the claimant with medical treatment or evaluation as part of an on-going treating relationship.[16]

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the

---

[13] *Id.* at 89.

[14] *Id.*

[15] *Id.* at 19.

[16] 20 C.F.R. § 404.1502.

-5-

objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[17]

If such opinions are "well supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with other substantial evidence in [the] case record," then they must receive "controlling weight."[18]

To be eligible for such weight, the medical opinion must be a statement that reflects judgments about the nature and severity of the impairment(s), including symptoms, diagnosis and prognosis, what the claimant can still do despite impairment(s), and physical and mental restrictions.[19]

Particularly, in the context of residual functional capacity, to be given weight the medical source opinion must address how the claimant's impairments translate into work-related restrictions.[20]  As described in one Social Security Ruling, to be considered for weight, the source statement should address "what an individual can still do despite severe impairment(s), in particular about an individual's physical or mental abilities to perform work-related activities on a sustained basis."[21]

---

[17] 20 C.F.R. § 404.1527(d)(2).

[18] *Id.*

[19] *Id.* at 404.1527(a)(2).

[20] *Cf. Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2d Cir. 2003).

[21] Soc. Sec. Ruling (SSR) 96-5p.  Titles II and XVI:  Medical Source Opinions on Issues Reserved to the Commissioner, 61 Fed. Reg. 34471, 34473 (July 2, 1996).

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[22]  Conclusory statements by treating sources that a claimant is disabled are not entitled to deference under the regulations.[23]

As an initial matter, as pointed out by the Commissioner, it is questionable that either Dr. Gilliland or Dr. Kravec qualify as treating sources.  As conceded by counsel for Zins at oral argument, Dr. Kravec saw Zins only once and, therefore, cannot be considered a treating source.  Further, since Dr. Gilliland saw Zins only twice as of the time of his opinion, he also probably does not qualify as a treating source.[24]

More tellingly, both the opinions of Dr. Gilliland and Dr. Kravec are conclusory and do not attempt to translate Zins's impairments into work-related limitations or capabilities.  To the extent that they make diagnostic observations, they may have limited relevance as discussed below.  Nevertheless, the opinions make no pretense of translating Zins's impairments into work-related capabilities or limitations and, therefore, the ALJ properly gave them little weight.

---

[22] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004); 20 C.F.R. § 404.1527(e)(1).

[23] *Id.*

[24] *Yamin v. Comm'r of Soc. Sec.*, 67 F. App'x 883, 885 (6th Cir. 2003).

3.      **Section 1.04A of the listing**

Zins argues that his impairments of the spine meet or equal the listing in § 1.04A of

Appendix 1.  To qualify for a listing under this section, the impairment must have severity

characterized by the following:

- nerve root compression characterized by neuro-anatomic distribution of pain,

- limitation of motion of the spine,

- motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and

- for involvement of the lower back positive straight-leg raising test (sitting and supine).[25]

The claimant bears the burden of proof at step three of the sequential evaluation

process, which involves the determination of whether the impairment meets or equals a

listing.[26]  To meet a listing, the claimant must show that his impairment meets all of the

specified medical criteria; an impairment manifesting only some of the criteria, no matter

how severe, does not qualify.[27]  A claimant can demonstrate equivalency only by medical

findings equal in severity to all criteria in the listed impairment.[28]

---

[25] 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04A.

[26] *Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 727-28 (6th Cir. 2004).

[27] *Hicks v. Comm'r of Soc. Sec.*, 105 F. App'x 757, 761 (6th Cir. 2004), quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

[28] *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001).

-8-

My review of the administrative record bears out the Commissioner's observation that there is no medical evidence that Zins's spinal disorder was characterized by motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss. As such, substantial evidence supports the ALJ's finding that Zins's spinal condition did not meet or equal the listing in § 1.04A.

**4.      The ALJ's finding that Zins's allegations of his limitations were less than fully credible**

The ALJ found that Zins's description of his pain was "unplausible."[29]   Zins challenges this finding as not supported by substantial evidence.

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[30]

The Social Security Administration has recognized by policy interpretation ruling and regulation that, even in the absence of such objective medical evidence, a claimant may experience pain severe enough to impose limitations on the capacity for work.[31]   In such

---

[29] Tr. at 18.

[30] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 988-89 (N.D. Ohio 2003).

[31] *Id.* at 989, quoting SSR 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483, 34484 (July 2, 1996), and 20 C.F.R. § 416.929(c)(2).

-9-

cases, the ALJ must evaluate the credibility of the claimant's allegations of pain and pain-induced limitations.[32]

The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess his subjective complaints.[33]  A court may not disturb the ALJ's credibility determination absent compelling reason.[34]

The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain;  precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[35]  If  the ALJ rejects the claimant's complaints as incredible, he must clearly state his reasons for doing so.[36]  An ALJ in a unified statement should express whether he or she accepts the claimant's allegations as credible and, if not, explain the finding in terms of the factors set forth in the regulation.[37]  The ALJ need not analyze all seven factors identified in the regulation but should provide enough assessment to assure a reviewing court that he or

---

[32] *Id.*

[33] *Buxton*, 246 F.3d at 773.

[34] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[35] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

[36] *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

[37] 20 C.F.R. § 404.1529(c)(3).

-10-

she considered all relevant evidence.[38]  The articulation should not be conclusory;[39] it should be specific enough to permit the court to trace the path of the ALJ's reasoning.[40]

As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration.  The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence." [41]  Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his claim.

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence.  When a claimant presents credible evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.  The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad.

---

[38] *Blom v. Barnhart*, 363 F. Supp. 2d 1041, 1054 (E.D. Wisc. 2005).

[39] SSR 96-7p, 61 Fed. Reg. at 34384.

[40] *Blom*, 363 F. Supp. 2d at 1054.

[41] 20 C.F.R. § 404.1529(c)(3).

Here, the ALJ did provide a unified statement for the reasons why he found Zins not credible.  He summarized  the objective medical evidence refuting the contention that Zins's impairment was so severe as to cause disabling pain.[42]  He noted the record as to Zins's daily activities,[43] and observed that Zins had minimal documentation for medical treatment during the relevant time period.[44]  Although there is evidence supporting Zins's allegations, I cannot conclude that such evidence rises to the level of a compelling reason to disturb the ALJ's credibility finding[45] or that a reasonable mind could not consider the reasons stated by the ALJ as adequate to support that finding.[46]

### Conclusion

Substantial evidence supports the finding of the Commissioner that Zins had no disability.  Accordingly, the decision of the Commissioner denying Zins disability insurance benefits is affirmed.

IT IS SO ORDERED.


Dated:  November 18, 2008                          s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

---

[42] Tr. at 18.

[43] *Id.*

[44] *Id.*

[45] *Smith*, 307 F.3d at 379.

[46] *Buxton*, 246 F.3d at 772.